Wendell JOHNSON, d/b/a Johnson Construction Company, Appellant,

v.

Jack E. LINQUIST and Darlene M. Linquist, Appellees.

No. 54401.

Supreme Court of Iowa.

March 11, 1971.

Getscher & Getscher and John S. Redd, Hamburg, for appellant.

Clovis, Falk & Norris, Shenandoah, for appellees.

REES, Justice.

This is an appeal from the district court's order dismissing plaintiff's cause of action and from an order overruling plaintiff's motion to reinstate under Rule 215.1, Rules of Civil Procedure. We reverse and remand.

This case originated as a law action filed by plaintiff to recover for the value of a

Butler Steel Building constructed on defendants' farm. Since the case comes to this court on a procedural dispute, it is necessary to set out in chronological order the various events leading up to this appeal.

The plaintiff alleged the cause of action arose on or about December 1, 1963, and his petition was filed on May 22, 1967. An answer to the petition was filed July 25, 1967. On August 12, 1968 the clerk of the district court of Page County, pursuant to the requirements of rule 215.1, R.C.P., filed a Try or Dismiss Notice with copies to the attorneys of record. On December 2, 1968, an order of court was entered granting a continuance of the case and setting a trial date certain as February 11, 1969. No trial was had on February 11, 1969 due to unavailability of a judge, but the court on that date announced a later date for trial of the case would be fixed. On May 13, 1969 the defendant filed a motion to dismiss the cause of action under rule 215.1. An order dismissing plaintiff's cause of action without prejudice was entered by the district court on May 13, 1969. The plaintiff did not receive any notice of the filing of defendants' motion to dismiss and later filed, on May 20, 1969, a motion to reopen the case. Plaintiff further filed an application to reinstate the action under the amendment to rule 215.1, on June 6, 1969. The court overruled both the motion to reopen and the motion to reinstate the action. Plaintiff then filed a motion for a new trial, which was also overruled.

I. The issue in this case is whether the district court exercised its discretion as to reinstatement under the amendment to rule 215.1, R.C.P. Resolution of the issue must involve a determination of whether the district court ruled that it had no discretion as to the dismissal only, or had no discretion as to the application to reinstate.

II. This court has considered the application of rule 215.1 in several cases. Without a proper continuance the dismissal of a case that has been noted for trial or dismissal is mandatory and automatic. Baty v. City of West Des Moines, 259 Iowa 1017, 1023, 147 N.W.2d 204, 208; McKinney v. Hirstine, 257 Iowa 395, 399, 131 N.W.2d 823, 826; Schmidt v. Abbott, 261 Iowa 886, 889, 156 N.W.2d 649, 650.

Rule 215.1 was amended by the Sixty-first General Assembly adding the following:

"The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal."

This court has not decided any cases involving the reinstatement section of rule 215.1 since the amendment was adopted. Two cases have dealt with rule 215.1 in its present amended form, but neither Baty v. City of West Des Moines, supra, nor Schmidt v. Abbott, supra, concerned interpretation or application of the reinstatement amendment. Thus the issue raised in this case is one of first impression. There is some discussion of the amendment in a case comment in 51 Iowa L.Rev. 496, 500–501, where the author expresses the opinion that the change in the rule indicates greater emphasis on a policy of trials of cases on the merits as opposed to the original and continuing policy of rule 215.1 that of expediting litigation.

This particular case presents a relatively narrow question, and does not involve a consideration of whether there was an abuse of discretion in exercising the reinstatement section of rule 215.1.

A determination of the basis for the trial court's order is essential to a resolution of this case. Following the entry of the dismissal on May 13, 1969, the plaintiff filed motions to reopen and to reinstate the cause of action. A resistance to the dismissal was filed immediately on receipt by plaintiff's counsel of copy of motion to dismiss on May 14, 1969 and the motions to

reopen and to reinstate were filed May 20, 1969 and June 6, 1969, respectively. All of the plaintiff's motions set forth various and similar grounds in support of the argument that the case should not have been dismissed, or should have been reinstated.

On February 9, 1970 the trial court issued an order ruling on plaintiff's motions to reopen and reinstate. In the trial court's conclusions of law, it stated, " * * * the Rule is mandatory and automatic, entitling the defendants to a dismissal without prejudice as a matter of right, and the court is without discretion as to the matter of dismissal." The court's order then discussed four Iowa cases from which it concluded the court had no discretion as to dismissing or not dismissing. The court states, "This court is not unaware of the hardship and disappointment to litigants losing their cause of action. However, the application of Rule 215.1, as interpreted by the Supreme Court of Iowa, has left this Court without discretion. It is *therefore* ordered by the Court that the Motion to Reopen and *Application to Reinstate Action* filed herein by the plaintiff be and the same are hereby *overruled*. * * * " (emphasis added.)

There are several factors in the district court's order of February 9, 1970, which led to the conclusion the court felt it had no discretion to reinstate the plaintiff's cause of action. One factor is based on the court's statement that because the court is without discretion as to dismissal, *therefore* the application to reinstate is overruled. Such a statement indicates that because the Iowa cases have held dismissal is mandatory, there is also no discretion to exercise as to an application to reinstate. The trial court correctly discussed four Iowa cases as they relate to mandatory dismissal, but those cases said nothing about the reinstatement amendment to rule 215.1. When the court concluded the Iowa cases left the court with no discretion and, therefore, overruled the application to reinstate, this indicates the trial court jumped in its reasoning from the valid premise that dis-

missal is mandatory to the erroneous conclusion that there is no discretion in the court to reinstate. Another factor that leads to the conclusion the trial court thought it had no discretion to reinstate, is the total absence in the order or anywhere in the record of any reason given by the court in rejecting the grounds for reinstatement urged by plaintiff. Defendant argues that the court did exercise its discretion and refused to reinstate. If this is the case, there is no record of such exercise in the record before us or in any of the orders, findings of fact, or conclusions of law made by the trial court.

The language of the amendment to rule 215.1 is clear in granting the district court the discretion to reinstate an action that has been mandatorily or automatically dismissed. We find in this particular case the district court erroneously failed to exercise *any* discretion in considering the application to reinstate. It is important to note that this court is not ruling on whether the trial court, under the facts of the case, abused the discretion the amendment to rule 215.1 requires it exercise, although on the record before us we incline to the view reinstatement of the case would have been justified. We simply hold that the district court erred in not exercising the discretion rule 215.1 requires when there was a timely application to reinstate.

This case is, therefore, reversed and remanded.

Reversed and remanded.

All Justices concur except BECKER and LeGRAND, JJ., who concur in the result.

LARSON, J., takes no part.

BECKER, Justice (concurring specially).

I concur in the result.

I do not agree with the majority statement in the seventh paragraph of Division II that the dismissal was mandatory when the trial was not held as scheduled on

February 11, 1969. On the contrary, as I read the statute, once the case was continued over beyond January 1, rule 215.1 could not be used for dismissal for the balance of the fiscal year.

The rule reads, "All such cases (where rule 215.1, R.C.P. notice has been given) shall be assigned and tried or dismissed without prejudice at plaintiff's costs *unless satisfactory reasons for want of prosecution or grounds for continuance be shown* * * *." (Emphasis added.) The reasons were shown when the order for continuance to a date certain was entered. The case was thereby brought within the exception and taken out of rule 215.1 operation. A new August 15 notice must be given to reactivate rule 215.1.

If this is so the order of May 13, 1969 dismissing the case was erroneous and the motion to reopen or the motion to reinstate should have been granted. No discretion would be involved. The result is the same as reached by the majority but the distinction is important. I therefore concur in the result only.

LeGRAND, J., joins in this special concurrence.