**Maudie E. RATH, Appellant,**

v.

**Arthur SHOLTY, Appellee.**

**No. 55024.**

Supreme Court of Iowa.

June 29, 1972.

Mack, Hansen & Gadd, Storm Lake, for appellant.

Hamilton, Connell & Redenbaugh, Storm Lake, for appellee.

REYNOLDSON, Justice.

Plaintiff appeals from trial court's denial of his application to reinstate a case dismissed under rule 215.1, Rules of Civil Procedure. We reverse and remand.

March 13, 1969, plaintiff brought action for $125,000 damages claimed to have resulted from an auto collision which occurred December 1, 1967. On March 25, 1970, plaintiff's first attorney filed a certificate of readiness. Overruling defendant's objections to this certificate, the court assigned the case to be tried June 2, 1970. Shortly before trial date, plaintiff's present counsel was additionally retained. That firm filed motion to continue the cause. The motion was sustained, subject to the local rule the case would not be reassigned for 120 days. However, the case remained on the ready docket during that period.

August 3, 1970, the try-or-dismiss notice under rule 215.1 was forwarded. When the 120 day period terminated, on September 27, 1970, depositions were completed and the case was ready for trial. Judge Braginton was presiding during the fourth term in Ida County. From about October 2 to December 11 or 18, 1970, plaintiff's first-retained counsel, then still appearing in the case, had four separate conversations with Judge Braginton, seeking assignment of this cause. On each occasion he was told by the judge "he would let me know." Plaintiff's counsel did not file a motion or stipulation for continuance and no order of continuance was obtained; consequently, the cause was routinely dismissed under rule 215.1 on January 6, 1971.

On January 11, 1971, plaintiff timely filed application to set aside the dismissal and reinstate the case. Following a hearing, trial court denied the application because, "there has been no credible showing that such dismissal was the result of oversight, mistake or other reasonable cause."

Trial court's language was, of course, drawn from the 1965 amendment (61st General Assembly Chapter 487, Section 2) to rule 215.1, R.C.P., which amendment added as a last paragraph to the rule:

"The trial court *may,* in its *discretion,* and *shall upon a showing* that such dismissal was the result of *oversight, mis-*take *or other reasonable cause,* reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal." (Emphasis added.)

It is apparent this amendment was designed to mitigate the harsh results mandated by the inflexible language of the rule's dismissal provisions. See Windus v. Great Plains Gas, 255 Iowa 587, 122 N.W. 2d 901 (1963); Talbot v. Talbot, 255 Iowa 337, 122 N.W.2d 456 (1963); Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W. 2d 410 (1962). One commentator observed the amendment change was a return in Iowa to the policy of trial on the merits. Comment, "Procedure—Dismissal for Want of Prosecution—Discretion of Trial Court," 51 Iowa L.Rev. 496 (1966). That concept was, of course, always before the court in the application of rule 236, R.C.P. Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922 (1959); Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20 (1949).

In this case of first impression, construing the rule amendment, we are concerned not only with the power of the court to deny or grant reinstatement of a dismissed cause, but also with our scope of review of trial court's ruling. Apparently the legislature, by this amendment, intended to grant trial court discretion comparable to that extended by rule 236 (setting aside default and judgment thereon) and rule 252 (vacating final judgment or order). The clause, "may, in its discretion" permits no other meaning. In Johnson v. Lindquist, 184 N. W.2d 681 (Iowa 1971) we not only held trial court had discretion, but was in error in failing to exercise it.

However, the legislature plainly dictated a nondiscretionary result upon a showing of "oversight, mistake or other reasonable cause." In that event, under the language employed, the court *shall* reinstate. In considering use of the word "shall" in the dismissal provisions of this rule we said in Schmidt v. Abbott, 261 Iowa 886, 890, 156

N.W.2d 649, 651 (1968), "when addressed to a public official the word 'shall' is ordinarily mandatory, excluding the idea of permissiveness or discretion." See also Windus v. Great Plains Gas, 254 Iowa 114, 116 N.W.2d 410 (1962). Clearly, it is beyond power of trial court to withhold reinstatement when the required showing has been made.

Our review in those peripheral areas in which trial court's *discretion* is invoked under rule 215.1, R.C.P. will be that employed in reviewing rulings under rule 236, R.C.P. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 137 N.W.2d 310 (1965). Generally, abuse of discretion will be found only where there is no support for the decision in the hearing evidence. Hobbs v. Martin Marietta Company, 257 Iowa 124, 131 N.W.2d 772 (1964); Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922 (1964).

In reviewing a rule 236 appeal we have been more reluctant to interfere with an order setting aside a default than an order denying the motion to set the default aside. Edgar v. Armored Carrier Corporation, supra; Handy v. Handy, supra. Similarly, in reviewing the *discretionary* ruling on a motion to reinstate under rule 215.1 we shall interfere more reluctantly where the motion has been sustained than where it has been denied.

Turning to the *mandatory* reinstatement provision of the amendment, trial court must initially determine whether the evidence adduced at the hearing constitutes a "showing" of oversight, mistake or other reasonable cause. This first involves a factual finding which we shall review not de novo, as in equity, but as in a law proceeding. It follows that trial court's findings of fact and inferences inherent therein are binding upon this court if supported by substantial evidence. Rule 344(f) (1), R.C.P. Whether the facts and inferences found constitute "inadvertence," "mistake" or "other reasonable cause" is not a factual but a legal question on review. 5 C.J.S. Appeal and Error § 1454, p. 591. We have held trial court's interpretation of its findings becomes a question of law which is not conclusive on appeal. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 118 N.W.2d 565 (1962); Artificial Ice Co. v. Reciprocal Exchange, 192 Iowa 1133, 184 N.W. 756 (1921).

Defining "oversight," "mistake" or "other reasonable cause" in a legal sense is more difficult. In this case we need only be concerned with the first of these words. "Oversight" has been defined as "something overlooked;" an "omission or error due to inadvertence." "Inadvertence" in turn is defined as "lack of care or attentiveness." Webster's Third New International Dictionary, Unabridged 1610, 1139 (14th ed. 1966). Oversight is similar to excusable neglect. Negatively, it is *not* gross neglect or willful procrastination as those terms are employed in Hobbs v. Martin Marietta Company, 257 Iowa 124, 131 N.W.2d 772 (1964).

In the case before us, when plaintiff's first counsel was examined as a witness at the reinstatement motion hearing, he was asked why he did not seek a timely stipulation and order for continuance. He testified,

"Well, it just plain slipped my mind. I was busy on other matters. I had been told by Judge Braginton at all times he would let me know and just slipped on it."

Trial court found on uncontroverted evidence these contacts with Judge Braginton were made. Such a record does not support the court's conclusion there was no credible evidence showing the dismissal was the result of oversight, mistake or other reasonable cause.

Counsel in the fourth quarter of 1970 was diligently seeking a trial assignment of this cause, not a continuance. Such a situation has invoked favorable consideration by this court in a prior appeal. Kutrules v. Suchomel, 258 Iowa 1206, 141 N.W.2d 593 (1966). Counsel's oversight in not obtaining a continuance over the dismissal term is understandable in that the judge indicated he was retaining the burden of letting counsel know about the assignment. While we do not recommend the method, it is not uncommon for a busy lawyer to rely on a promised or scheduled event as a reminder to take further action with respect to pending litigation.

This court has been liberal in affirming determinations of default-voiding mistake, inadvertence, and excusable neglect in rule 236 appeals. Hannan v. Bowles Watch Band Company, 180 N.W.2d 221 (Iowa 1970); Edgar v. Armored Carrier Corporation, 256 Iowa 700, 128 N.W.2d 922 (1964); Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20 (1949); Reilley v. Kinkead, 181 Iowa 615, 165 N.W. 80 (1917); But see Insurance Co. of No. Amer. v. Sperry & Hutchison Co., 168 N.W.2d 753 (Iowa 1969); Haynes v. Ruhoff, 261 Iowa 1279, 157 N.W.2d 914 (1968). The same policy shall be followed, within the scope of our permissible review, with respect to reinstatement under the rule 215.1 amendment. In this approach we implement the general rule found in 27 C.J.S. Dismissal & Nonsuit § 78, p. 491:

"A statute giving the court power to set aside dismissals is remedial, intended to be liberally construed and applied to the end that meritorious trials may be had."

Finally, trial court's suggestion plaintiff has not sufficiently isolated whose oversight was the cause of this dismissal is without merit. Rule 215.1 allows for reinstatement for a case dismissed as a result of "oversight, mistake or other reasonable cause," without limitation as to whose conduct must provide the cause. We do not construe the rule change to permit rein-

statement only for technical or ministerial oversights.

Under rule 215.1, R.C.P. as now amended, trial court should have sustained the motion to reinstate this case.

Reversed and remanded.

All Justices concur, except HARRIS, J., who takes no part.