**George T. WHARFF, Executor of the Estate of Susan E. Wharff, Appellant,**

**v.**

**IOWA METHODIST HOSPITAL, an Iowa corporation and Barbara Wagner, M. D., Appellees.**

**No. 55912.**

Supreme Court of Iowa.

May 22, 1974.

Gary B. Garrison and Anna I. Shinkle, Des Moines, for appellant.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

MASON, Justice.

This is an appeal by plaintiff from an adverse ruling on his application for reinstatement of this case after it had been dismissed by operation of rule 215.1, Rules of Civil Procedure.

Susan E. Wharff, 11-year-old daughter of Geore T. Wharff, died May 25, 1968, from injuries suffered in a one-car accident on that date. An appeal from judgment notwithstanding the verdict in an earlier cause of action between this plaintiff and different defendants was affirmed on appeal by this court. See Wharff v. McBride, 183 N.W.2d 700 (Iowa 1971). This cause of action concerns alleged negligence of the hospital and attending physician in whose care Susan was intrusted following the accident. A detailed recitation of the proceeding in this action is necessary for examination of the issues.

May 22, 1970, plaintiff, executor of Susan's estate, proceeding pro se, filed an action in Polk County district court alleging negligence and malpractice on the part of the Iowa Methodist Hospital and Barbara Wagner, M.D. June 3 defendants filed a motion to strike, motion for more specific statement and request for oral hearing. September 30 Judge Missildine sustained the two motions in their entirety. Plaintiff did not comply with the order at any time during the next three and one-half months.

January 8, 1971, defendants filed a motion to dismiss alleging plaintiff had failed to comply with the court order in regard to making more specific statements. January 22 Judge Missildine overruled the motion to dismiss.

The same date plaintiff filed amendments to the petition to conform with the court's earlier orders and also struck certain paragraphs and amended and added others. February 18 defendants filed a motion to recast pleadings alleging it was "almost impossible" to properly respond to plaintiff's pleadings as they existed. March 5 plaintiff, by attorney Roberts, withdrew all previous pleadings and filed a second amended petition as a complete recasting of all prior pleadings. March 16 defendants moved for more specific statement in regard to various allegations of the second amended petition.

Although not shown in this record defendants state a motion for production of documents was likewise filed on this date and sustained by the court on April 5. However, examination of the court file confirms this fact. Plaintiff refers to this motion in his brief and concedes in oral argument before this court that such motion was filed and ruled on. April 2 the trial court sustained defendants' motion for more specific statement in its entirety.

April 13, defendants filed 21 numbered interrogatories to be answered by plaintiff. Plaintiff filed answers to the interrogatories May 26; they were signed only by plaintiff's counsel and not sworn to by plaintiff himself. June 10 defendants filed a motion asking that plaintiff be required to file sworn answers to the interrogatories.

About this time plaintiff discharged attorney Roberts and employed other counsel to represent him.

August 14 the clerk of court mailed to the then counsel of record, apparently Mr. Roberts, the statutory notice pursuant to rule 215.1, R.C.P., informing plaintiff the case would be subject to dismissal if not tried prior to January 1, 1972, unless otherwise ordered. January 3 the case was dismissed.

The orders to make more specific statement of various allegations of the second amended petition and to produce various documents were not complied with at any time prior to the dismissal.

May 12, 1972, plaintiff, by attorney Garrison, appearing for the first time, filed application for reinstatement. Plaintiff stated he had no intention to abandon his claim and that in numerous contacts with counsel he was assured the case was being properly pursued. From these statements it was concluded the case was dismissed from no fault of plaintiff. It was also alleged the case was of such complexity as to make it difficult, if not impossible, even through due diligence, to get to trial before January 1, 1972. The record clearly shows, however, no motion for continuance was ever filed. Finally, the dismissal was allegedly caused by oversight or mistake of plaintiff's counsel. Defendants thereafter filed resistance to the application stating, inter alia, plaintiff had made very little effort in collecting and preparing evidence from persons having knowledge of the circumstances. Trial court denied the application without further comment.

Plaintiff appeals presenting two issues for review in which he contends: (1) the trial court erred in denying plaintiff's application for reinstatement since the court failed to comply with the mandatory provisions of rule 215.1, R.C.P., and (2) the trial court abused its discretion under the facts and circumstances presented.

## I. MANDATORY REINSTATEMENT

The final paragraph of rule 215.1, R.C.P., provides:

"The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal."

■ Reinstatement is mandatory and not discretionary for trial court if the dismissal is shown to be the result of "over-

sight, mistake or other reasonable cause." Rath v. Sholty, 199 N.W.2d 333, 335–336 (Iowa 1972).

■■ The general policy in this jurisdiction has been to allow trial on the merits. In general, a liberal approach is taken in appeals from rulings overturning default (rule 236, R.C.P.) entered because of mistake, inadvertence and excusable neglect. In Rath v. Sholty, 199 N.W.2d at 335–337, this same liberal approach taken in regard to rule 236 appeals was considered as the approach to be followed with respect to reinstatement under rule 215.1, R.C.P., in view of the 1965 amendment.

■ The operation of the rule 215.1 amendment in a mandatory reinstatement situation and the scope of review in this court are set out in Rath v. Sholty, 199 N.W.2d at 336:

" * * * [T]rial court must initially determine whether the evidence adduced at the hearing constitutes a 'showing' of oversight, mistake or other reasonable cause. This first involves a factual finding which we shall review not de novo, as in equity, but as in a law proceeding. It follows that trial court's findings of fact and inferences inherent therein are binding upon this court if supported by substantial evidence. Rule 344(f)(1), R.C.P. Whether the facts and inferences found constitute 'inadvertence,' 'mistake' or 'other reasonable cause' is not a factual but a legal question on review. 5 C.J.S. Appeal and Error § 1454, p. 591. We have held trial court's interpretation of its findings becomes a question of law which is not conclusive on appeal. * * * [citing authorities]."

Plaintiff urges rule 215.1 is to be afforded the same interpretation as rules 236 and 252, R.C.P. He is correct in regard to rule 236; *Rath*, 199 N.W.2d at 337 states: "This court has been liberal in affirming determinations of default-voiding mistake, inadvertence, and excusable neg-

lect in rule 236 appeals. * * * [citing authorities] The same policy shall be followed, within the scope of our permissible review, with respect to reinstatement under the rule 215.1 amendment."

■ The basic policy in regard to rule 236 and thus to reinstatement situations under rule 215.1 has been stated to be to use a liberal approach in order to allow trial on the merits. See Rath v. Sholty, supra. In Windus v. Great Plains Gas, 255 Iowa 587, 600, 122 N.W.2d 901, 909, a case involving a petition to vacate a dismissal for want of prosecution, the policy of allowing trial on the merits was qualified and stated to be as follows:

" * * * The rule that courts favor trials on the merits should be qualified to read that courts favor *expeditious* trials on the merits, *under settled rules of procedure.* It should not be stretched to the point where a judgment will be vacated when the petitioner, through his counsel, has ignored plain mandates of the rule with ample opportunity to abide by them. To do so would be to abrogate the rule and to reward negligence or inattention." (Emphasis in the original)

See also Haynes v. Ruhoff, 261 Iowa 1279, 1282, 157 N.W.2d 914, 916 and Edgar v. Armored Carrier Corporation, 256 Iowa 700, 706–707, 128 N.W.2d 922, 926.

■ To a certain extent appeals in rule 236 situations proceed on a case-by-case method due to great variety in factual circumstances. Certain rules, however, are established. It is movant's burden to show good cause for setting aside a default judgment under rule 236. Hobbs v. Martin Marietta Co., 257 Iowa 124, 130, 131 N.W. 2d 772, 775–776. A defendant's ignoring a notice under circumstances showing no more than excuse, plea, apology, extenuation, or explanation for failure to timely appear is not sufficient to overturn a default. Haynes v. Ruhoff, 261 Iowa at 1286, 157 N.W.2d at 918. Accident or excusable neglect where the defendant has a good faith intent to defend will justify setting aside a default. The fact a meritorious defense is disclosed and that defendant had honestly intended to present it and had justification for supposing he had made arrangements for its presentation is a circumstance in favor of good faith. Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23; Tate v. Delli, 222 Iowa 635, 639–640, 269 N.W. 871, 873; see also Annot., 174 A.L.R. 10.

II. The first issue presented for review stems from plaintiff's contention dismissal of his application for reinstatement was inconsistent with the policy stated in *Rath* that a liberal approach is to be followed with respect to reinstatements under the 1965 amendment to rule 215.1, R.C.P., to assure, if possible, that all litigants have a fair opportunity to have their cases decided by the courts on the merits.

In order for the mandatory reinstatement provision of rule 215.1 to operate in the present case it was plaintiff's burden to establish that the dismissal was the result of oversight, mistake or other reasonable cause.

As indicated, Judge Bown overruled plaintiff's motion for reinstatement without further comment; there was no oral hearing on the application and no findings of fact or conclusions of law were filed. It is therefore difficult to ascertain the trial court's findings of fact and inferences inherent therein. It can only be said the court found the evidence insufficient to show the dismissal was the result of oversight, mistake or other reasonable cause. Hence, the case could not be reinstated.

However, plaintiff in written argument urges this court to look at all the facts and circumstances to determine whether there was a sufficient showing of oversight, mistake or other reasonable cause as would warrant reinstatement pursuant to the dictates of Rath v. Sholty.

The only material before the trial court at the time of its ruling was the verified

application of plaintiff, an unverified resistance and the pleadings.

A trial court must on a hearing for reinstatement of a case dismissed under rule 215.1 initially determine whether the evidence adduced at such hearing constitutes a showing of oversight, mistake or other reasonable cause so that this court on review may determine as a matter of law whether the facts and inferences found constitute inadvertence, mistake or other reasonable cause. Nevertheless, we accept plaintiff's invitation with the view that at some point in time there may be an end to all litigation. This is not to be considered as a precedent.

■ Examination of the record discloses that except for the filing of unverified answers to interrogatories on May 26, 1971, the dates of April 2 and April 5, 1971, when the trial court sustained defendants' motion for more specific statement and their motion for production of documents, respectively, are the dates upon which all activity ceased on the part of plaintiff in connection with the prosecution of this case. Almost nine months expired during the year 1971 without plaintiff taking any action in regard to his obligation to produce the documents and make more specific certain allegations set forth in his substituted petition.

The record does not support plaintiff's contention his present attorney had only entered the case shortly before the rule 215.1 dismissal. Counsel actually entered the case in June of 1971, six months before the effective date of dismissal. During this entire time there was no activity on plaintiff's part in connection with the prosecution of his case.

The important words in rule 215.1 are "oversight," "mistake," and "other reasonable cause." Rath v. Sholty, 199 N.W.2d at 336 gives these definitions:

" * * * 'Oversight' has been defined as 'something overlooked;' an 'omission or error due to inadvertence.' 'Inadvertence' in turn is defined as 'lack of care or attentiveness.' Webster's Third New International Dictionary, Unabridged 1610, 1139 (14th ed. 1966). Oversight is similar to excusable neglect. Negatively, it is *not* gross neglect or willful procrastination as those terms are employed in Hobbs v. Martin Marietta Company, 257 Iowa 124, 131 N. W.2d 772 (1964)." (Emphasis in the original)

Examination of all the facts and circumstances as suggested by plaintiff compels the conclusion there was not a sufficient showing that the dismissal was the result of such oversight, mistake or other reasonable cause as would warrant a reinstatement under the mandatory provision of rule 215.1, R.C.P.

Other than argument concerning the facts and inferences to be drawn therefrom, plaintiff's basic argument is that the dismissal was caused by the mistake or error of the attorney alone. Relying on the distinction between attorney and client fault plaintiff contends that he should be allowed his day in court.

Plaintiff argues interpretation of rule 236, R.C.P., and its statutory predecessors has distinguished between litigant-client fault and attorney fault. In Reilley v. Kinkead, 181 Iowa 615, 165 N.W. 80, cited by plaintiff, a default judgment was entered against defendant when he failed to timely appear or answer. Defendant's motion to set aside the judgment and default stated in effect that a new member of the attorney's staff improperly filed the pleadings in the case and therefore the matter did not come to his attention as it normally would have. This court first examined authorities dealing with the distinction between client and attorney negligence. The ruling that the motion should have been sustained was based on a finding that neither the client nor the attorney was negligent; the mistake by the attorney, under the circumstances, was held not to constitute negligence.

In Hatt v. McCurdy, 223 Iowa 974, 274 N.W. 72, the distinction was again noted and given more importance than in *Reilley*. This court stated that the client was guilty of no negligence whatsoever and therefore should have his day in court.

The client in Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20, was without fault in causing the entry of the default judgment. This court affirmed the setting aside of the default judgment relying on the distinction between attorney and client mistake, trial court's discretion in these types of actions and other principles.

■ In general, the distinction between client error and attorney error is relevant in determining whether a default judgment should be overturned. It would not seem to be the sole factor, however; rather, it is part of the overall situation which might include prompt attention to the default, existence of a meritorious defense, appellate court's reliance on trial court's discretion and the policy of trial on the merits. Furthermore, there are limits on the extent to which the distinction will be carried.

In Peterson v. Eitzen, 173 N.W.2d 848, 853 (Iowa 1970), involving rule 252, R.C.P., this court stated whether to vacate a default is to a great extent a matter to be decided on the basis of each factual situation. Noting the distinction between client and attorney error it was stated there were no grounds for vacating where the client's attorney espouses for the client a position or strategy to avoid trial on the merits.

Other jurisdictions are divided on the question of imputation of attorney's mistake to his client. Thus, where some jurisdictions do not impute the attorney mistake resulting in default from failure to timely file appearance or other necessary papers, or to appear for trial, others hold the client is not entitled to relief from the default. See Annot., 21 A.L.R.3d 1255. See also Iowa Cord Tire Co. v. Babbitt, 195 Iowa 922, 192 N.W. 431 and Clarke v. Smith, 195 Iowa 1299, 192 N.W. 136.

Rath v. Sholty, 199 N.W.2d at 337 has this statement: " * * * Rule 215.1 allows for reinstatement for a case dismissed as a result of 'oversight, mistake or other reasonable cause,' without limitation as to whose conduct must provide the cause. We do not construe the rule change to permit reinstatement only for technical or ministerial oversights."

■ From the foregoing statement it would seem that grounds for reinstatement could arise from conduct of the attorney or the client, as well as court personnel, which amounted to mistake, oversight or other reasonable cause. The problem thus is not so much who made the cause for dismissal but the substance of the cause.

The distinction between attorney and client mistake or error has been made in regard to default judgments. It has not been the sole reason for setting aside a default, however, but most often one cause, which when considered with other reasons, has constituted grounds for setting aside a default judgment. In Newell v. Tweed, 241 Iowa at 95, 40 N.W.2d at 23, good faith intent to defend but for accident or excusable neglect, discretion of trial court and the traditional policy of allowing trial on the merits were mentioned along with the attorney-client distinction as reasons for sustaining trial court's setting aside of a default. In Reilley v. Kinkead, 181 Iowa at 623–624, 165 N.W. at 82–83, particularly relied on by plaintiff, there was found to be no negligence on the part of the attorney and the default was therefore properly set aside. Furthermore, even in regard to setting aside the default judgment there are limits on the extent to which the distinction will be carried. See Peterson v. Eitzen, 173 N.W.2d at 852–853.

■ Where fault of attorney is relied on as a basis in seeking reinstatement of dismissals under rule 215.1, R.C.P., it is our view that although there may be a valid distinction between litigant-client fault and attorney fault it is a factual inquiry as to whether the evidence adduced at the hear-

ing regarding the facts and circumstances resulting in dismissal constitutes grounds warranting reinstatement. The scope of review as well as the burden of proof and the approach to be followed remain the same. See the quoted portion of Rath v. Sholty, 199 N.W.2d at 336 set out in division I of this opinion.

Plaintiff failed to show by any competent evidence oversight, mistake or other reasonable cause either on the part of plaintiff personally or upon the attorney representing him.

Plaintiff's first issue presented for review does not call for reversal.

## III. DISCRETIONAY REINSTATEMENT

■ In his second issue presented for review plaintiff maintains the trial court abused its discretion under the facts and circumstances presented.

In written brief and argument plaintiff calls attention to the fact the 1965 amendment to rule 215.1 sets down two areas for reinstatement under this rule, one mandatory and the other discretionary. It is the discretionary phase of the amendment which serves as a basis for this issue. Plaintiff turns again to Rath v. Sholty, 199 N.W.2d at 335–336 for support:

" * * * Apparently the legislature, by this amendment, intended to grant trial court discretion comparable to that extended by rule 236 (setting aside default and judgment thereon) and rule 252 (vacating final judgment or order). The clause, 'may, in its discretion' permits no other meaning. In Johnson v. Linquist, 184 N. W.2d 681 (Iowa 1971) we not only held trial court had discretion, but was in error in failing to exercise it.

" * * *

"Our review in those peripheral areas in which trial court's *discretion* is invoked un-

der rule 215.1, R.C.P. will be that employed in reviewing rulings under rule 236, R.C.P. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. * * * [citing authority] Generally, abuse of discretion will be found only where there is no support for the decision in the hearing evidence. * * * [citing authorities]." (Emphasis in the original)

As stated, the evidence before the trial court showed there had been a total lack of activity on plaintiff's part in regard to this case from May 26, 1971 to May 12, 1972, when the application for reinstatement was filed. There is no showing of facts which could be held to justify this lack of attention."

Plaintiff not only relies on the cases cited earlier in this opinion but also on Johnson v. Linquist, 184 N.W.2d 681 (Iowa 1971). We do not read *Johnson* as helping plaintiff here. In the cited case the trial court stated it was without discretion in ruling on reinstatements of dismissals under rule 215.1 and therefore overruled the motion to reinstate. *Johnson* was not a ruling on the abuse of the trial court's discretion but rather simply a ruling that the trial court erred in failing to exercise the discretion granted under the 1965 amendment to the rule.

For a definition of "abuse of discretion" see Best v. Yerkes, 247 Iowa 800, 815–816, 77 N.W.2d 23, 32, 60 A.L.R.2d 1354.

There being no evidence before the trial court to substantiate a showing of oversight, mistake or other reasonable cause it cannot be said the court abused its discretion in failing to reinstate this case.

The second issue presented for review is without merit.

The case is therefore—Affirmed.