In the Matter of the ESTATE OF
Jacob Eugene BEARBOWER.

Lavonne E. BEARBOWER, Albert Bearbower, Beverly Anderson, Bernice Dodge, Doris A. Burk, Lela M. Davis, Hazel Reedy, Vern E. Bearbower, Bernita Lucille Bergmann, Harold Davis, Rosary M. Davidson, Robert E. Davis, Floyd L. Bearbower, Beulah Partlow and James Edward Bearbower III, Plaintiffs-Appellants.

v.

Leona Blanche BEARBOWER and Earl E. Bearbower, Defendants-Appellees.

No. 85–260.

Court of Appeals of Iowa.

Sept. 24, 1985.

Morris L. Eckhart of Milroy & Eckhart, Vinton, for plaintiffs-appellants.

George E. Wright of Napier, Wright & Wolf, Fort Madison, for defendants-appellees.

Considered by OXBERGER, C.J., SNELL, and SACKETT, JJ.

OXBERGER, Chief Judge.

The plaintiffs appeal from the trial court's refusal to reinstate their petition which was dismissed for failure to prosecute the action pursuant to Iowa Rule of Civil Procedure 215.1. We reverse the trial court.

The petition brought by plaintiffs, the heirs of the decedent, contains three counts attacking decedent's will. The defendants are the individuals receiving the bulk of the inheritance under the will and codicil. Three counts are alleged in the petition which was filed May 27, 1983. Count one claims that the witnesses to the will were not competent. Count two alleges the testator was not competent and count three claims there was undue influence on the testator by the defendants. The answer was filed June 13, and there followed a number of motions, requests for documents, interrogatories, and depositions. On May 21, 1984, a request for continuance of a hearing was granted, and the date was changed to July 2, 1984. Plaintiff's application for leave to amend the petition was granted July 2, 1984. This is the last action taken by plaintiff which appears in the court records. A notice was issued August 6, 1984, pursuant to Iowa Rule of Civil Procedure 215.1 to try the case before January of 1985 or the case would be dismissed. The case was dismissed January 4, 1985, and the application for reinstatement filed January 8.

A stipulation was filed by the parties as a part of the record regarding the application. The parties stipulated that the plaintiff had intended to try the lawsuit if it could not be settled; that the lawsuit could not be tried prior to January 1, 1985, because of ongoing discovery and attempts to settle the case; that the plaintiff's attorney had been diligently preparing the suit for trial; that "due to oversight and mistake" the plaintiff's attorney and his staff failed to note in their office record that the case would be dismissed if not tried before the first of the year and therefore no motion for continuance was filed; and that there was ample time to file such a motion.

The court in denying the motion to reinstate said "the dismissal of the above-entitled cause under 215.1 was not the result of simple oversight of a meritorious cause of action."

The burden is upon the movant to establish adequate reasons for reinstating the action. *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 22 (Iowa 1974). There are two determinations to be made in such a motion; whether reinstatement is mandatory because there has been proof of oversight, mistake or other reasonable cause, or if such proof is insufficient, then whether reinstatement should be granted in the discretion of the court. *Rath v. Sholty*, 199 N.W.2d 333, 335 (Iowa 1972). The trial court's decision as to whether there is a sufficient showing of mistake or oversight is not a factual but a legal question on review. *Id.* at 336. In reviewing the trial court's discretionary decision to grant or deny reinstatement, we will reverse only if there is an abuse of discretion. *Id.* Rule 215.1 has been compared to rules 236 and 252, and, as with those rules, the court takes a liberal approach to allow a trial on the merits. *Wharff*, at 21–22.

If we find that mistake has been proven by the movant here, then reinstatement is mandatory and not discretionary. *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978); *Wharff*, at 21; *Rath*, at 336. Ignoring a notice while showing nothing more than excuse, plea, apology, or

explanation, is not sufficient to allow a party to escape default. *Wharff,* at 22. However, proof of accident or excusable neglect where there was a good faith intent to defend or continue the action is a sufficient justification. *Id.* "Oversight" has been defined as "something overlooked" or "omission or error due to inadvertence." *Id.* at 23. "Inadvertence" is "lack of care or attentiveness." *Id.* On one hand an oversight is similar to excusable neglect, but it is not gross neglect nor willful procrastination. *Id.*

The plaintiff here also points out to the court cases which indicate the court will consider the fact that the mistake or oversight was due to the fault of the attorney and not the client. The question presented involves whether the attorney's actions should be imputed to the client. In *Dealers Warehouse Co. v. Wahl & Associates,* 216 N.W.2d 391, 395 (Iowa 1974), the court found there was no good excuse for failure to act on a case resulting in a 215.1 dismissal, despite plaintiff's claim of a breakdown in communication with his lawyers and the fact that one of his lawyers withdrew from the case. The court stated the communication problem was due in large part to the plaintiff's negligence, and, "More significantly he did nothing to assure his interests were being protected in the case until 15 days (November 2 to November 17) after receiving a copy of the application to withdraw." *Id.*

An extensive review of the attorney/client distinction as it relates to reinstatement and setting default aside was made in *Wharff.* The court listed various cases on the question, including *Reilly v. Kinkead,* 181 Iowa 615, 165 N.W. 80 (1917) where the court concluded a default judgment should be set aside. *Id.* at 23. The court in *Wharff* noted it was significant to the *Reilley* decision that the mistake by the attorney did not involve negligence on his part or by his client. *Id.* The distinction between attorney fault and client fault was given more importance later in *Hatt v. McCurdy,* 223 Iowa 974, 274 N.W. 72 (1937) and the basis for the court's grant of a motion to set aside default in *Newell v.*

*Tweed,* 241 Iowa 90, 40 N.W.2d 20 (1949) was reliance on the distinction. *Id.* at 24. After reviewing these cases the court then clarified the current point of view regarding the distinction:

> In general, the distinction between client error and attorney error is relevant in determining whether a default judgment should be overturned. It would not seem to be the sole factor, however; rather, it is part of the overall situation which might include prompt attention to the default, existence of a meritorious defense, appellate court's reliance on trial court's discretion and the policy of trial on the merits. Furthermore, there are limits on the extent to which the distinction will be carried.... The problem thus is not so much who made the cause for dismissal but the substance of the cause.

*Id.* (cited with approval at *Wharff,* at 24).

Therefore, we look at the circumstances of this case as a whole, including as a factor that the oversight was the attorney's fault and not the client's.

The court in *Wharff* found there was inadequate proof of the existence of the type of mistake to warrant reinstatement. *Wharff,* at 25. The court considered factors which would show reinstatement was in order, including plaintiff's claim the case could not be tried before January 1 of the next year, that the case was complex, and the mistake occurred through no fault of the plaintiff's. *Id.* at 21–25. However, the court found significant the fact that for nine months there was no action at all by plaintiff in connection with prosecuting the case. *Id.* at 23. There was little effort by the plaintiff to collect evidence. *Id.* Emphasizing this, the court concluded there was no proof of mistake or oversight. *Id.* at 25.

The court in *Dealers* found that although plaintiff claimed his case should be reinstated because his attorney entered the case only shortly before its dismissal, almost nine months expired after the petition was filed without any action on the part of

the plaintiff. *Id.* at 23. The court found that in view of all the circumstances reinstatement was not warranted. *Id.*

In *Rath,* the court found the attorney's failure to take action after receiving the notice was sufficient proof of excusable neglect. *Rath* at 337. The attorney had been attempting to have the case assigned to trial and relied on the judge to let him know when the case would be assigned. *Id.* at 335. He explained, "Well, it just plain slipped my mind. I was busy on other matters. I had been told by Judge Braginton at all times he would let me know and just slipped (up) on it." *Id.* at 336. While discouraging lawyers from relying on a promised event as reminder to take further action, the court found the oversight understandable and noted the attorney had been otherwise diligent in prosecuting the case. *Id.* at 337.

The factors mitigating in favor of reinstatement in this case are that the case was complex, it could not be tried before January 1, and the attorney was otherwise diligent. The oversight was the attorney's fault and not the client's fault. Application to reinstate was made promptly after notice of dismissal. However, there was a period of seven months where court records show no documents were filed by the plaintiff. The court in *Wharff* and *Dealers* put considerable emphasis on the long period of time in which plaintiff took no action to prosecute the case. While the court record here does not show action by the plaintiff, the parties have stipulated that the attorney continued to prosecute the case. The stipulation shows attempts were being made to structure a settlement. Medical practitioners were being interviewed, and efforts were being made to obtain medical experts and additional lay witnesses. The parties further stipulated that the attorney was diligent in attempting to try the case or reach settlement. All this tends to point to excusable neglect by the attorney, with the intent to prosecute the case, rather than willful procrastination.

It is the parties' stipulation in this matter that is the key to this case. The agreement by plaintiffs and defendants that the plaintiffs' attorney was continuing to diligently pursue the case leaves no room to dispute that the oversight was excusable.

■ The trial court's order emphasized a review of the interrogatories and referred to the fact that this was not a situation of oversight of a "meritorious cause of action." The court apparently was referring to another factor to be considered by courts in deciding if reinstatement is warranted. In *Wharff* the court stated the existence of a meritorious defense or claim by the party is a circumstance in favor of finding good faith. *Wharff,* at 22. While the trial court did not elaborate on its finding, we believe the court was referring to plaintiff's claim of undue influence upon the testator. The interrogatories reflect the only evidence to date on this point is the heir's supposition that the testator must have been influenced since the defendants had not been very close to the decedent until shortly before the will was changed. The existence of a personal and confidential relationship with the testator is alone insufficient to prove undue influence. *Johnstone v. Johnstone,* 190 N.W.2d 421 (Iowa 1971). An unusual disposition is insufficient proof and neither is opportunity and motive by defendant. *Matter of Estate of Davenport,* 346 N.W.2d 530, 532 (Iowa 1984).

The claim of undue influence is only one of three counts asserted by plaintiffs. The interrogatories also reflect the testator was not articulate, could not remember who people were, and could not understand events happening in the present. The answers also show claims by the plaintiff that one of the two witnesses to the execution of the instrument was incompetent. If a testator's infirmity rises to the level he cannot understand either the instrument executed, the nature and extent of his property or the objects of his bounty, or understand the distribution he is making, there is sufficient proof of incompetency to make a

will. *In re Estate of Gruis*, 207 N.W.2d 571, 573 (Iowa 1973). Witnesses to wills must be competent. Iowa Code § 633.280 (1985). We cannot say as a matter of law there is no meritorious claim here.

Therefore, considering all the factors in this case, especially the diligence of the attorney and his continued actions to bring the case to trial up to the time of dismissal, we find there was sufficient proof of oversight, and reinstatement must be allowed.

REVERSED; PETITION REINSTATED.