**Lester SCHMIDT, Plaintiff-Appellant,**

v.

**BOARD OF APPEALS, CITY OF MARSHALLTOWN, Defendant-Appellee.**

**No. 86–647.**

Court of Appeals of Iowa.

Feb. 25, 1987.

Richard E.H. Phelps II, Newton, for plaintiff-appellant.

Patrick W. Brooks of Brooks, Ward & Trout, Marshalltown, for defendant-appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

The plaintiff, Lester Schmidt, appeals from a district court ruling dismissing his petition for review of action taken by the Board of Appeals, City of Marshalltown. The petition for review, which had been deemed a petition for writ of certiorari, was dismissed by the district court because Schmidt had taken no action to bring the case to a hearing. Schmidt, on appeal, contends the district court abused its discretion and misinterpreted the rules of civil procedure by requiring such prompt action. We reverse.

Our scope of review is for the correction of errors at law. Iowa R.App.P. 4. The findings of fact of the trial court are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We are not, however, bound by the trial court's determinations of law. *Mosebach v. Blythe*, 282 N.W.2d 755, 759 (Iowa 1979). Discretionary rulings of the trial court are

presumptively correct, and we will disturb such rulings on appeal only upon a clear showing of abuse of discretion. *Fournier v. Fraternal Order of Eagles, Waterloo Aerie No. 764*, 368 N.W.2d 849, 852 (Iowa Ct.App.1985).

Iowa Rule of Civil Procedure 319 provides a party seeking certiorari must file a petition for writ of certiorari within thirty days from the time the tribunal, board, or officer exceeded its jurisdiction or otherwise acted illegally. The writ may be granted only by the district court. Iowa R.Civ.P. 309. The writ may issue without notice on filing the petition, unless it is filed before a final order or decree or where plaintiff seeks a stay. Iowa R.Civ.P. 311. Rule 313 provides that writ is issued to a board or tribunal, such body shall return such writ signing by its presiding officer, clerk, or secretary. Finally, rule 315 provides that when full return has been made, the court must fix a time and place for trial.

In the present case, Judge David Hansen entertained the defendant's initial motion to dismiss Schmidt's original pleading. Judge Hansen ruled that Schmidt's "petition for review" met, in substance, those basic requirements of a petition for writ of certiorari and, as such, was to be treated as a petition for such a writ. Because the defendants had withdrawn their argument that Schmidt's petition was filed in an untimely manner, Judge Hansen ruled that the fact that the thirty-day requirement of rule 319 expired on October 6, 1985 and the petition was filed October 7, 1985, was not fatal to Schmidt's petition and denied the motion to dismiss. Judge Hansen's order was filed January 20, 1986.

For reasons not clear from the record, the court did not issue a writ. On January 23, 1986, the defendant filed a trial certificate of readiness, stating that the case was ready for trial. On February 10, 1986, Judge Carl Baker issued an order requiring the filing of Court Attachment I in compliance with various pretrial procedures. On February 13, 1986, the Second Judicial District court administrator filed a notice of trial setting the case for trial to the court on April 2, 1986. On February 14, 1986, the court attachment was completed by both parties, indicating that all pleadings were complete.

On March 31, 1986, both attorneys for each party filed a pretrial compliance statement, and on April 1, 1986, Schmidt filed an amendment to his pretrial compliance statement and filed his trial brief. On April 2, 1986, the defendant board filed a motion to dismiss based on the fact that Schmidt had not requested or obtained an issuance of an order or writ and that there was therefore nothing for the district court to rule upon. Judge Paul Hellwege granted the motion to dismiss.

In his order granting dismissal, Judge Hellwege found that ten weeks had elapsed since the filing of the order by Judge Hansen on January 20, 1986. Judge Hellwege, stating that rule 319 required a speedy trial, found that Schmidt had not presented an order to the court directing that a writ of certiorari be issued. Consequently, the judge ruled that absent a return of service of a writ of certiorari, there was nothing for the court to try.

■ The Iowa Supreme Court has consistently held that the rules of civil procedure governing the procedures by which a court may dismiss pending litigation are to be liberally construed and applied to the end that meritorious trials may be had. *Wharff v. Iowa Methodist Hospital*, 219 N.W.2d 18, 22 (Iowa 1974); *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972). Concerning writs of certiorari, the older Iowa cases on the subject appear to suggest that where no writ is issued, or where there is an improper return of failure to abide by terms of the writ a dismissal is required. *See Phoenix System v. Jordon*, 226 Iowa 630, 284 N.W. 820 (1939); *Wilson v. Ring*, 215 Iowa 511, 245 N.W. 761 (1932). However, as the burden of litigation in our society has soared, our courts have come to recognize that under certain circumstances excusable mistake or oversight need not necessarily result in dismissal of a party's cause of action. *See* Iowa R.Civ.P. 215.1; *Gold Crown Properties v. Iowa Dist. Court*, 375 N.W.2d 692, 699 (Iowa 1985) (wherein the Iowa Supreme Court held that where a case is dismissed for lack of prosecution pursuant to rule 215.1, a court

should reinstate such case where there is a showing of oversight, mistake or other reasonable cause). We do not suggest that *every* noncompliance with the rules of civil procedure is excusable. Where a party has ignored plain mandates of a rule with ample opportunity to abide by them, a dismissal of that party's action is warranted. *Wharff*, 219 N.W.2d at 22. Where, however, the actions of the party demonstrate that the noncompliance with the rule was due to excusable oversight or mistake, the court should not dismiss the case outright, but rather should favorably weigh such circumstances in favor of that party and against dismissal.

■ Applying the foregoing analysis to the present case, we believe that the trial court abused its discretion in dismissing Schmidt's petition. First, we note that the court administrator on February 13, 1986, notified both parties that trial had been scheduled for April 2, 1986, though rule 315 clearly states that trial will be scheduled only where a full return of the writ of certiorari has been received. Next we note that the actions of both parties and the trial court proceeded as though a writ had been issued. Three days after Judge Hansen's ruling of January 20, 1986, the defendant board filed a trial certificate of readiness and stated that the case was ready for trial. Judge Baker, on February 10, 1986, filed an order directing both parties to file Court Attachment I, requiring both parties to file briefs on their respective positions, mark exhibits, file pretrial stipulations concerning evidence to be introduced, stipulated facts, detailed statements of damage claims, and other pretrial matters. Both parties completed these procedures and filed pretrial compliance statements. Prior to trial, Schmidt filed his trial brief with the court. Schmidt also issued subpoenas for four separate witnesses on March 26 and 31, 1986. Though the defendant board was obviously aware of the fact that the court had not issued a writ, it dutifully complied with all pretrial procedures ordered by the trial court, and it was not until the actual date of trial that the board filed its motion to dismiss. Given these facts, there is simply nothing in the record to suggest that Schmidt's failure to request or obtain a writ was due to anything other than excusable mistake or oversight, and Schmidt's cause of action should not have been dismissed.

■ We also disagree with the trial court's ruling that there was nothing to be tried. The record of the Board of Appeals and all exhibits in connection therewith had been subpoenaed and were available for the trial court to review. Several witnesses had been subpoenaed to testify at trial. Schmidt, in his pretrial statement filed March 31, 1986, listed four exhibits to be presented at trial: (1) application for search warrant; (2) the magistrate's endorsement of the search warrant; (3) the actual warrant; and (4) return on executed search warrant. Such exhibits were intended to be introduced by Schmidt to challenge the adequacy of the search warrant used by the defendant board in obtaining evidence to show that Schmidt's building was dangerous. While we need not decide for purposes of appeal the issue of whether or not the adequacy of the search warrant was a proper issue to be entertained in an action for certiorari, such issue was presented to the trial court, and the trial court could certainly pass on the propriety of such issue.

For all the above reasons, we hold that the trial court erred in dismissing Schmidt's cause of action and that such case should be reinstated.

REVERSED AND REMANDED.