**HOLLAND BROS. CONSTRUCTION COMPANY, Plaintiff–Appellant,**

v.

**IOWA DEPARTMENT OF TRANSPORTATION, Defendant–Appellee.**

No. 88–209.

Court of Appeals of Iowa.

Nov. 29, 1988.

Robert J. Huber, St. Paul, Minn., for plaintiff-appellant.

David A. Ferree, Ames, for defendant-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

Plaintiffs appeal from the trial court's denial of their application to reinstate a case dismissed under rule 215.1, Iowa

Rules of Civil Procedure. We reverse and remand.

## I.

On July 23, 1987, the Chief Judge of the Seventh Judicial District issued an order establishing a district-wide procedure for avoiding dismissal of cases subject to the operation of Iowa Rule of Civil Procedure 215.1. The order stated:

NOW THEREFORE IT IS ORDERED that *any party wanting relief from a case being stricken on January 1, 1988, pursuant to I.R.C.P. 215.1, must file on or before September 15, 1987, either:*

1.) *A trial Certificate,* (initiates Trial. Setting Conf.), *or,*

2.) A Motion for Relief from Rule 215.1 containing a recitation of facts as to why a Trial Certificate cannot be filed or showing other grounds for relief. At the time the motion is filed, the movant must also file an order setting the motion for oral argument.

*A subsequent order as a result of a Court scheduled Trial Setting Conference* or the hearing on the Motion for Relief *will either set trial within this calendar year or continue the case past December 31.* (Emphasis added.)

The plaintiffs, Holland Bros. Construction Company, filed a breach of contract action against the defendant, Iowa Department of Transportation, on March 24, 1986. In response to the July 23 order, and after receiving a strike notice from the clerk of court, the plaintiffs filed a trial certificate. A trial-setting conference was held on October 12, 1986, at which time the parties and the court administrator agreed to a trial date of January 25, 1988. Holland Bros. did not move to continue the case or ask for relief from rule 215.1, however, the trial court did not issue a formal order setting trial or continuing the case into 1988. On January 4, 1988, three weeks before trial, the clerk of court issued a strike notice dismissing the case pursuant to 215.1. On January 13th, Holland Bros.' counsel filed an application for reinstatement which was denied.

## II.

On appeal, Holland Bros. argues under the terms of the July 23rd order, any trial set beyond December 31 was automatically continued by operation of the order. Alternatively, the plaintiff urges if it misinterpreted the July 23rd order, its failure to obtain a written continuance was "the result of an oversight, mistake, or other reasonable cause," which calls for mandatory reinstatement under rule 215.1. Finally, the plaintiffs submit the court erred by not exercising any discretion in determining whether the case should be reinstated.

The burden is upon the movant to establish adequate reasons for reinstating the action. *Wharff v. Iowa Methodist Hospital,* 219 N.W.2d 18, 22 (Iowa 1974). In considering such a motion, the court must determine whether reinstatement is mandatory because there has been proof of oversight, mistake, or other reasonable cause, or if such proof is insufficient, then whether reinstatement should be granted in the discretion of the court. *Rath v. Sholty,* 199 N.W.2d 333, 335 (Iowa 1972). The trial court's decision as to whether there is sufficient showing of mistake or oversight is not factual, but a legal question on review. *Id.* at 336. In reviewing the trial court's discretionary decision to grant or deny reinstatement, we will reverse only if there is an abuse of discretion. *Id.* With these principles to guide us, we now turn to the crux of this appeal, whether or not the circumstances of this case warranted a mandatory or discretionary reinstatement of plaintiff's case pursuant to rule 215.1.

## III.

Holland Bros. argues the case was dismissed through inadvertence and should have been reinstated either under the mandatory or discretionary reinstatement provisions of rule 215.1. We first review plaintiff's contention that the dismissal was the result of "oversight, mistake, or other reasonable cause."

█ If we find that a mistake has been proven by the movant here, then reinstatement is mandatory and not discretionary. *Werkmeister v. Kroneberger,* 262 N.W.2d

295, 296 (Iowa 1978). Ignoring notice while showing nothing more than excuse, plea, apology, or explanation, is not sufficient to allow a party to escape default. *Matter of Estate of Bearbower,* 376 N.W. 2d 922, 923–24 (Iowa App.1985). Among the factors to be considered are whether the plaintiff made a good faith effort to prosecute or continue the action, *id.* at 925; whether the plaintiff was seeking a trial assignment or merely a continuance when the case was dismissed, *Rath,* 199 N.W.2d at 337; whether the mistake or oversight is understandable under the circumstances, *id.* at 337; or whether plaintiff promptly applied to reinstate the case, *Bearbower,* 376 N.W.2d at 925.

"Oversight" has been defined as "something overlooked" or "omission or error due to inadvertence." *Id.* at 924. "Inadvertence" is "lack of care or attentiveness." *Id.* On one hand an oversight is similar to excusable neglect, but it does not rise to the level of gross neglect nor willful procrastination. *Id.*

Holland Bros. has shown the case was dismissed because its attorney mistakenly interpreted the July 23rd order to mean the pre-September 15th filing of a trial certificate was sufficient to avoid dismissal. Upon receipt of the July 23rd order, Holland Bros.' attorney filed a trial certificate and sought a trial date. They did not seek a continuance nor had the case previously been continued. The plaintiffs have actively pursued discovery and all filings have been timely. They have at all times diligently attempted to move this action toward trial. After receiving the January strike notice, Holland Bros. filed an application for reinstatement immediately. Nothing in this record indicates the plaintiffs have been dilatory in any way.

In addition, Holland Bros. was not entirely responsible for the court administrator's failure to make sure the trial court issued the required trial setting order continuing the case into 1988 as agreed to at the scheduling conference. The trial court rejected this argument, determining plaintiff's failure to seek relief from rule 215.1 was a calculated decision unreasonably based upon misplaced confidence. The Iowa Supreme Court in *Gold Crown Properties v. Iowa District Court,* 375 N.W.2d 692, 696 (Iowa 1985), acknowledged modern court structure mandates we recognize the extent of judicial administrative duties currently carried out by court administrators. We believe the result of these administrators' expanded duties is attorneys now place much more reliance on administrative acts of these persons. We agree plaintiffs' actions were based upon misplaced confidence, however, we determine such confidence was not unreasonable to such an extent that it denotes gross neglect or willful procrastination.

The Iowa Supreme Court has held the reinstatement provision is remedial and is to be liberally construed to further Iowa's policy of trial on the merits. *Rath,* 199 N.W.2d at 337. Therefore, this court determines plaintiff has proven oversight mistake sufficient to merit mandatory reinstatement. We reverse and remand to the district court for reinstatement of this proceeding.

REVERSED AND REMANDED.