CITY OF MUSCATINE, Iowa, Plaintiff,

Grain Processing
Corporation, Intervenor,

v.

U.S. ENVIRO–CON., INC., Aetna Casualty & Surety Co., Envirotech Corp. and Stanley Consultants, Inc., Defendants.

STANLEY CONSULTANTS,
INC., Appellant,

v.

UNION CARBIDE CORP., Associated Water and Air Resource Engineers, Inc., and Air Products and Chemicals, Inc., Appellees.

No. 84–1903.

Supreme Court of Iowa.

Sept. 18, 1985.

406

Steven L. Udelhofen of Jones, Hoffmann & Davison, Des Moines, for appellant.

Donald A. Wine and Diane M. Stahle of Davis, Hockenberg, Wine, Brown & Koehn, Des Moines, for appellee Union Carbide Corp.

Charles T. Traw of Leff, Leff, Leff, Haupert & Traw, Iowa City, for appellee Asso-

ciated Water and Air Resource Engineers, Inc.

Richard M. McMahon and Vicki L. Seeck of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellee Air Products and Chemicals, Inc.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

Defendant, Stanley Consultants, Inc., which had cross-petitioned against third parties for indemnity or contribution in the event that it was held liable on plaintiff's claims, appeals from the district court's determination, following settlement of plaintiff's claims, that defendant's cross-petition claims have been automatically dismissed by operation of law under Iowa Rule of Civil Procedure 215.1. We affirm the district court.

The dispute which gave rise to this litigation involved a wastewater treatment facility owned and operated by the City of Muscatine. In November, 1978, that city commenced an action against Stanley Consultants, Inc. and others seeking to recover damages for the alleged malfunction of the facility. In its claims against Stanley Consultants, Inc., the city alleged that Stanley had been deficient and negligent with respect to services performed for the city in connection with the operation of the wastewater treatment plant.

Also named as defendants were U.S. Enviro-Con, Inc., Aetna Casualty & Surety Company, and Envirotech Corporation. Shortly after the action was commenced, Grain Processing Corporation of Muscatine, an industry dependent upon the operation of the wastewater treatment facility, intervened and aligned itself with the interests of the city. For convenience of reference throughout the balance of this opinion, the city will be referred to as plaintiff, Grain Processing Corporation will be identified as intervenor, Stanley Consultants, Inc. will be designated as SCI, and the other parties will be referred to by their actual names.

After the action had been pending for three years and had already twice been the subject of continuance orders under rule 215.1, SCI asked for leave to file a cross-petition against nonparties seeking indemnity or contribution in the event that plaintiff recovered against it. This motion was granted on February 18, 1982, and the cross-petition defendants, Union Carbide Corporation, Associated Water and Air Resource Engineers, Inc., and Air Products and Chemicals, Inc., became parties to the action shortly thereafter.

On June 1, 1982, the district court ordered that the third-party claims be severed and separately tried following the disposition of plaintiff's and intervenor's claims against the primary defendants. On July 1, 1982, a third try-or-dismiss notice under Iowa Rule of Civil Procedure 215.1 was mailed by the clerk to counsel for all parties including SCI and the cross-petition defendants. This notice provided that the case would be dismissed if not tried prior to January 1, 1983, or further continued by the court for good cause shown.

On September 24, 1982, the plaintiff and intervenor settled their claims against SCI and the other defendants. The settlement agreement provided that a portion of any indemnity or contribution which SCI might recover from Union Carbide Corporation, Associated Water and Air Resource Engineers, Inc., or Air Products and Chemicals, Inc. on its cross-petition claims was to be shared with the plaintiff as an additional payment under the settlement agreement. The agreement further provided that plaintiff would take over the responsibility for prosecuting said claims.

Apparently acting in reference to the third-party claims, which were all that remained in the action, counsel for the plaintiff sought and obtained, on December 28, 1982, the third rule 215.1 continuance order in the history of the litigation. That order continued the remainder of the case for trial in the 1983 calendar year. No try-or-dismiss order under rule 215.1 was sent by

the clerk to any party in July or August of 1983.

In the spring of 1984, the plaintiff determined it no longer wished to pursue its interest in the third-party claims which it shared with SCI and advised the latter that it would thereafter have to pursue such claims alone. At or about this time, plaintiff's counsel withdrew from the case. In August of 1984, the clerk mailed another try-or-dismiss notice to counsel for SCI and the other remaining parties to the litigation. When SCI sought to have the case assigned for trial, the defendants to the third-party petition sought dismissal of the action on the ground that all remaining incidents of the pending action had been automatically dismissed as a matter of law on January 1, 1984 for failure to try the remaining portions of the litigation within the period specified in the December 28, 1982 continuance order. This motion was granted by the district court and this appeal followed.

The central and controlling issue presented by the appeal is whether under rule 215.1 the sanction of automatic dismissal on January 1, 1984 was available only as to plaintiff's and intervenor's claims against U.S. Enviro-Con, Inc., Aetna Casualty & Surety Company, Envirotech Corporation, and SCI, or, whether that sanction also extended to SCI's third-party claims against Union Carbide Corporation, Associated Water and Air Resource Engineers, Inc., and Air Products and Chemicals, Inc. SCI argues that, on the facts of the present case, rule 215.1 had no applicability to the third-party claims as of January 1, 1984.

Its first argument in support of this contention relates to the timing of the notices from the clerk of the district court concerning the operation of rule 215.1. SCI asserts that because its third-party claims against Union Carbide Corporation, Associated Water and Air Resource Engineers, Inc., and Air Products and Chemicals, Inc. had not been on file more than one year prior to July 15, 1982, the clerk's try or dismiss notice to counsel in August of 1982 did not mandate the assignment and trial

of the *third-party claims* within the prescribed period. As authority for this contention, SCI relies, in part, on the following language in *Kutrules v. Suchomel,* 258 Iowa 1206, 1211, 141 N.W.2d 593, 597 (1966):

> The operation of the rule is set in motion by the clerk's notice relative to cases more than one year old on July 15.
>
> A notice as to cases less than one year old is ultra vires. It does not deprive the court of any discretion nor make mandatory the assignment and trial of the case.

This language from *Kutrules* refers to a factual situation in which the plaintiff's original petition had claimed against only one defendant and later, by amendment, a second claim was added to the petition against an additional defendant. The first claim had been on file more than one year when the clerk's notices under rule 215.1 were mailed to counsel for the plaintiff and both defendants. The second claim, however, had been on file less than one year at this time. We affirmed a ruling by the district court that the notice did not require a trial of the second claim within the prescribed period.

SCI contends that *Kutrules* supports its claim that the August 1982 notice was ultra vires with respect to its third-party claims. It further urges that, because no notice under rule 215.1 was mailed to counsel for any party in July or August of 1983, the August, 1984 try-or-dismiss notice was the first act which triggered the operation of rule 215.1 with respect to the third-party claims.

In addition to its argument based on the timing of the clerk's notices under rule 215.1, SCI urges that, within the context of the pretrial proceedings, it is unreasonable to interpret the August 1982 try-or-dismiss notice as applying to the third-party claims. This contention is premised on the fact that the district court had previously severed the third-party claims for trial after the conclusion of the primary claims, which, according to SCI's argument, makes it illogical to apply the notice to both the primary claims and the third-party claims.

■ Treating SCI's arguments in inverse order, we conclude that an order for severance and separate trial of third-party claims will normally be an important consideration for the court in ruling on a motion for continuance under rule 215.1. Indeed, in the present case, the fact that the third-party claims had been severed was doubtless an important consideration in regard to the district court's order of December 29, 1982, which, following the settlement of plaintiff's and intervenor's claims, continued SCI's third-party claims for trial in the 1983 calendar year. We do not agree, however, that the act of the court in severing the third-party claims for a separate trial makes rule 215.1 inapplicable to those claims.

SCI's argument concerning the timing of the clerk's notices under rule 215.1 assumes that the filing of a cross-petition against a nonparty under Iowa Rule of Civil Procedure 34 commences a separate time frame within which the try-or-dismiss sanctions of rule 215.1 shall operate with respect to the third-party claims. Appellees urge that it is only necessary to show that plaintiff's claims are subject to the try-or-dismiss sanction and, if they are, the third-party claims for indemnity or contribution are similarly situated.

Our interpretation of rule 215.1 in *Kutrules v. Suchomel,* purporting to enlarge the period of the rule's application for subsequently added claims, involved the type of claims in which "[the plaintiff's] case against the two defendants may be divisible." *Kutrules,* 258 Iowa at 1211, 141 N.W.2d at 597. Assuming that the *Kutrules* rationale is still viable in its own factual setting, SCI's third-party claims in the present case are not sufficiently divisible from the original action to support the application of that rationale.

SCI's motion for leave to file the third-party claims recited that "if plaintiff should be awarded judgment against this defendant, defendant [SCI] would have a right of action over and against [the proposed third-party defendants]." The gravamen of the claim asserted in division I of SCI's cross-petition against the third-party defendants is the allegation that "if plaintiff is able to prove the material allegations of its petition and recover judgment against the cross-petitioner [SCI], then in that event, the cross-petitioner [SCI] is entitled to indemnity from the cross-petition defendants." The gravamen of the claim asserted in division II of SCI's cross-petition is the allegation that "if this cross-petitioner [SCI] is held liable to plaintiff, it will be entitled to contribution from the cross-petition defendants."

■ It seems clear that the third-party petition presented only pendent claims for indemnity or contribution which had no viability apart from what occurred in the primary action. While claims of this nature will sometimes not be disposed of simultaneously with the original proceeding, we believe it is the spirit of our rules governing third-party practice that this is to be the exception rather than the rule.[1]

In 24 Am.Jur.2d *Dismissal* § 68 (1983), it is stated that:

Whether an involuntary dismissal for want of prosecution carries with it a defendant's claim for affirmative relief is usually determined by the construction of the applicable statutes or rules of procedure.

Cases decided under the statutes and laws of other states are collected in an annotation appearing at 48 A.L.R.2d 748 (1956). Cases from other jurisdictions are of little guidance because they involve the application of local rules of practice which provide for varying applications. None of the

---

1. The advisory committee comment to Iowa Rule of Civil Procedure 33 as it existed in 1961 when Iowa Rule of Civil Procedure 215.1 was adopted indicates that one of the purposes of permitting a defendant to a petition to make claims against nonparties for indemnity or contribution is "to save time and costs of duplicating evidence, to obtain consistent results from identical or similar evidence, and *to do away with the serious handicap of a time lag between a judgment against the defendant and a judgment in his favor against the third-party defendant.*" (Emphasis added.)

cases cited by SCI from other jurisdictions deal with the kind of pendent claim which is involved in the present case. *Great Western Land & Cattle Corp. v. Sixth Judicial District Court*, 86 Nev. 282, 284–85, 467 P.2d 1019, 1021 (1970) suggests that, upon dismissal of a plaintiff's claim for want of prosecution under Nevada procedural rules, cross-petition claims and counterclaims, including compulsory counterclaims, are similarly automatically dismissed. *Massey v. Davis*, 650 S.W.2d 551, 554 (Tex.Civ.App.1983) is a case where a defendant's third party cross-petition was not automatically dismissed when plaintiff's claim was dismissed for want of prosecution. In that case, however, the cross-petitioner was asserting an independent claim for relief against the third-party defendants which was unaffected by plaintiff's claims.

In our independent determination of the meaning of our own rule of civil procedure, we conclude that the district court properly interpreted rule 215.1 as requiring SCI's claims for indemnity or contribution to be tried within the same time that plaintiff's claims were required to be disposed of or else dismissed. We have consistently held that, when the time for dismissal arrives and the case has not been tried, it is dismissed automatically without formal action by either the court or the clerk. *Koss v. City of Cedar Rapids*, 300 N.W.2d 153, 157 (Iowa 1981); *Rhiner v. Arends*, 292 N.W.2d 399, 401 (Iowa 1980); *Brown v. Iowa District Court*, 272 N.W.2d 457, 459 (Iowa 1978); *Werkmeister v. Kroneberger*, 262 N.W.2d 295, 296 (Iowa 1978). Application of this principle in the present case compels a finding that SCI's claims were automatically dismissed on January 1, 1984.

We have not deemed it necessary to depart from the interpretation placed on rule 215.1 in *Kutrules v. Suchomel* in order to decide the present appeal. The *Kutrules* rationale does not embrace pendent claims. The arguments of the parties have convinced us, however, that, to the extent *Kutrules* suggests that for new claims or

new parties added by amendment after the original petition is filed, or for counterclaims, cross-petitions, or petitions of intervention, the time for trial under rule 215.1 is not measured from the date on which the original petition is filed, that interpretation does violence to both the language and purpose of the rule. We therefore now specifically disapprove that portion of the *Kutrules* decision as it might apply to all cases which first become subject to the try-or-dismiss provision of the rule on July 15, 1986 or thereafter. The district court may alleviate any hardships brought about by this change of interpretation by means of appropriate findings and orders for continuance in those instances where satisfactory reasons are shown for want of prosecution of the later filed claims. The judgment of the district court is affirmed.

AFFIRMED.