Darlene D. BUTNER, Appellant,

v.

Dan BEYER and Iowa Mold Tooling
Company, Inc., Appellees.

No. 97–1725.

Supreme Court of Iowa.

April 28, 1999.

Sean M. O'Brien, Paul A. Drey, and Scott W. Anderson of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellant.

Mark D. Sherinian of Moranville, Jackson & Sherinian, West Des Moines, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

LAVORATO, Justice.

In this law action, the plaintiff appeals from a district court ruling dismissing her lawsuit for want of prosecution pursuant to Iowa Rule of Civil Procedure 215.1. The plaintiff had previously obtained an order "suspending" rule 215.1 (1998). The order, however, did not set a trial date. We reverse and remand.

I. On October 29, 1992, Darlene D. Butner filed this sex discrimination suit against Dan Beyer and Iowa Mold Tooling Company, Inc. Several months later, Butner filed for bankruptcy. In late February 1993, the trustee in bankruptcy moved to sell Butner's cause of action against Beyer and Iowa Mold at an auction. Iowa Mold had offered the trustee $7500 to compromise the claim. Six months later the bankruptcy court converted the trustee's application to a motion to compromise the claim for what Iowa Mold had offered. In November 1993, the bankruptcy court denied the application to compromise the claim, finding that there was insufficient evidence to warrant finding Iowa Mold's offer was reasonable.

In the meantime, the state district court set the discrimination suit for trial beginning February 15, 1993. This prompted the parties to file a joint motion for continuance. In the motion, the parties explained what was happening in the bankruptcy court. They explained that, because of these various motions in the bankruptcy court and the potential that the case might be resolved, the parties did not proceed with discovery and were therefore not ready for trial. The case was continued.

On August 1, 1994, pursuant to rule 215.1, the clerk mailed a strike notice to the parties informing them that the case would be dismissed if not tried or continued by December 31, 1994.

On November 18, 1994, Butner filed a motion entitled "Request for Enlargement." In the motion, Butner requested the court to "relieve her from imposition of dismissal pursuant to [rule 215.1] and to establish a scheduling conference." Butner alleged that the trustee had retained her claim and would not authorize her to prosecute it against the defendants. She further alleged that the parties had been unable to achieve a settlement satisfactory to the bankruptcy court and that additional time was needed to resolve the issues in the present proceedings.

In his December 6, 1994 ruling on Butner's motion, District Judge Gilbert K. Bovard characterized the motion as a "request for continuance past imposition of rule 215.1." The judge further stated: "Review of the file indicates plaintiff's cause of action is an asset in federal bankruptcy and that exclusive jurisdiction over the same is vested currently in the bankruptcy court." The judge entered the following order: "[I]mposition of rule 215.1 is suspended until this matter has been effectively disposed of through the bankruptcy court."

The file reflects nothing further until May 1997, when Iowa Mold filed a motion for adjudication of law points. Iowa Mold alleged the chronological history of the case, including Judge Bovard's order. The motion further alleged that Butner had taken no action to bring her case to trial since Judge Bovard's December 6, 1994 order. Iowa Mold moved to dismiss the case pursuant to rule 215.1 because (1) Judge Bovard had no authority to suspend the imposition of rule 215.1 indefinitely, (2) trial should have been continued to a date certain, and (3) Butner had failed to diligently prosecute the case.

District Judge John S. Mackey agreed with all three grounds and dismissed the case for want of prosecution pursuant to rule 215.1.

Butner appeals, contending Judge Mackey erroneously dismissed her action for a number of reasons, one of which was that Judge Mackey exceeded his authority. Because this reason is dispositive, we do not address the others.

■ **II.** Resolution of this appeal turns on our interpretation of rule 215.1. Because interpretation of a statute is a law question, our review is at law. *Barron v. State Farm Mut. Auto. Ins. Co.*, 540 N.W.2d 423, 424 (Iowa 1995). Rule 215.1 provides in relevant part:

> It is the declared policy that in the exercise of reasonable diligence every civil and special action, except under unusual circumstances, shall be brought to issue and tried with one year from the date it is filed and docketed and in most instances within a shorter time.
>
> All cases at law ... where the petition has been filed more than one year prior to July 15 of any year shall be for trial any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in R.C.P. 82 ... and ... [t]he notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs *unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.* This rule shall not apply to cases (a) pending on appeal from a court of record to a higher court or under order of submission to the court; (b) in which proceedings subsequent to judgment or decree are pending; (c) which have been stayed pursuant to the Soldiers and Sailors Civil Relief Act of 1940 [50 U.S.C. app. § 501]; (d) where a party is paying a claim pursuant to written stipulation on file or court order; and (e) *awaiting the action of a referee, master or other court appointed officer; provided, however, that a finding as to (a) through (e) is made and entered of record....*
>
> No continuance under this rule shall be by stipulation of parties alone but must be by order of court. *Where appropriate the order of continuance shall be to a date certain.*

*Id.* (emphasis added).

Judge Mackey ruled that Judge Bovard was "incorrect in suspending the imposition

of rule 215.1 until the matter had been effectively disposed of through the bankruptcy court." Judge Mackey determined further that the rule requires the court "to schedule trial simply as an administrative matter which would not affect the validity of the claim or the trustee's ownership in the claim as property of the estate."

In an effort to uphold this ruling, Iowa Mold argues Butner had two options to keep her case alive: obtain a continuance to a date certain or establish an exemption from the rule. Iowa Mold concedes that Butner had asked for a continuance, but argues Judge Bovard instead attempted to give her an exemption.

Iowa Mold insists the exemption was not only contrary to current law, but it failed to comply with rule 215.1. Iowa Mold points out that, at the time of Judge Bovard's ruling, our court had ruled that a case is not delayed under rule 215.1 simply because a bankruptcy trustee has been appointed. *See Dolezal Commodities v. City of Cedar Rapids Airport Comm'n*, 387 N.W.2d 572, 575 (Iowa 1986) (holding that debtor can continue suit if trustee does not pursue cause of action; otherwise, bankruptcy debtor might avoid liability if trustee did not pursue the action; exclusive jurisdiction is therefore not in the bankruptcy court) (relying on *Meyer v. Fleming*, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595 (1946)). In these circumstances, Iowa Mold insists, Butner had the duty and authority to pursue her claim.

Additionally, Iowa Mold contends, in establishing the exemption Judge Bovard's order failed to comply with rule 215.1. As to this contention, Iowa Mold points out that there are four exemptions in the rule, and the only one that may be pertinent is (e): "awaiting the action of a referee, master or other court appointed officer." Iowa Mold insists this exemption does not apply because a bankruptcy court is not a referee, master, or other court-appointed officer.

Furthermore, Iowa Mold argues, Judge Bovard made no finding as to what "action" would end the exemption. *See* Iowa R. Civ. P. 215.1 ("provided that a finding as to (a) through (e) is made and entered of record"); *Windus v. Great Plains Gas*, 254 Iowa 114, 123, 116 N.W.2d 410, 415 (1962) (holding that there must be finding of record for exemptions). Because the order was ambiguous in this respect, the district court found, and Iowa Mold agrees, that Butner should have filed a rule 179(b) motion to clarify the order. Thus, Iowa Mold concludes, given Butner's duty to keep her case alive, the failure of Judge Bovard's order to comply with rule 215.1 is Butner's fault, and she must suffer the consequences.

■ We agree with Butner that Iowa Mold reads too much into Judge Bovard's order. Butner asked for a continuance, and that is exactly what Judge Bovard gave her. Simply because he used the word "suspended" instead of "continuance" does not change our conclusion. If the judge had any of the four exemptions in mind, we feel confident he would have specifically referred to that exemption.

Butner's application gave specific reasons for her request for the continuance. Iowa Mold makes no contention that her reasons were unsatisfactory. *See* Iowa R. Civ. P. 215.1 (requiring that application for continuance must show satisfactory reasons for the continuance). Nor does Iowa Mold contend that Judge Bovard entered the order without notice to Iowa Mold. *See id.* (requiring that ruling on application for continuance be after notice and not *ex parte*).

Finally, the fact that Judge Bovard did not continue the case to a date certain does not make his order invalid. The rule clearly gives the district court discretion. *See id.* (providing that, "[w]here appropriate, the order of continuance shall be to a date certain"). For that reason, it makes no difference that the judge may have mistakenly believed that the case could not be prosecuted because of the bankruptcy. Moreover, given the reasons stated in Butner's application for continuance, we can easily see why Judge Bovard did not continue the case to a date certain.

In these circumstances, the most that Iowa Mold's motion for adjudication of law points could have accomplished was to have the case set for trial. This assumes, of course, that at the time of the motion the bankruptcy court

had disposed of the case in accordance with Judge Bovard's order. We conclude Judge Mackey was without authority to dismiss the case.

**III.** Because Judge Mackey had no authority to dismiss the case, we must reverse his ruling. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**