**Una RAY, Plaintiff–Appellant,**

v.

**MERLE HAY MALL, INC. and Merle Hay Mall, A Limited Partnership, Defendants–Appellees.**

No. 99–1367.

Court of Appeals of Iowa.

Sept. 27, 2000.

Jerry R. Foxhoven, Des Moines, for appellant.

Donna R. Miller of Grefe & Sidney, P.L.C., Des Moines, for appellees.

VOGEL, Judge.

Una Ray appeals the district court's ruling denying her motion seeking relief from the operation of Iowa Rule of Civil Procedure 215.1 on the dismissal of her tort action. We find her action of securing a trial date by stipulation of the parties does not operate to circumvent the required procedure under rule 215.1. This rule mandates application to the court for a continuance to avoid dismissal for failure to try a case prior to the noticed date. Therefore, the trial court did not err in overruling Ray's motion to declare Iowa Rule of Civil Procedure 215.1 inapplicable. Affirmed.

*Background facts.* Ray filed a personal injury action against Merle Hay Mall, Inc. (Merle Hay) on November 4, 1996. Notice of dismissal under Iowa Rule of Civil Procedure 215.1 was sent to the parties on July 16, 1998, notifying them that the case must be tried by January 2, 1999, or it would be dismissed. Ray sought a Uniform Scheduling Order from the court, which was approved by counsel for Merle Hay. The order was entered and filed on December 28, 1998, setting a trial date of August 2, 1999.

On June 28, 1999, Ray filed a motion to declare Iowa Rule of Civil Procedure 215.1 inapplicable and, in the alternative, to reinstate her case. The trial court heard arguments on the motion and overruled it. Ray appeals.

*Scope of review.* This is a law action and we review the district court's decision for error in its application of legal principles. Iowa R.App.P. 4; *Waukon Auto Supply v. Farmers & Merchants Sav. Bank,* 440 N.W.2d 844, 846 (Iowa 1989). The district court's decision will not be set aside unless induced by an erroneous view of the law. *Frantz v. Knights of Columbus,* 205 N.W.2d 705, 708 (Iowa 1973).

*Iowa Rule of Civil Procedure 215.1.* Ray contends the Uniform Scheduling Order, which set a trial date, insulated this case from the fatal consequences of Iowa Rule of Civil Procedure 215.1. Except for a small list of exemptions, rule 215.1 requires dismissal of any case that has not proceeded to trial within the prescribed time period. The court has previously stated, rule 215.1 is "positive and definite and ... clearly mandatory.... 'The operation of the rule is not discretionary with the trial court.'" *Talbot v. Talbot,* 255 Iowa 337, 340, 122 N.W.2d 456,

458 (1963) (quoting *Windus v. Great Plains Gas*, 254 Iowa 114, 123, 116 N.W.2d 410, 415 (1962)). The rule, however, further provides:

> All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte.
>
> * * *
>
> No continuance under this rule shall be by stipulation of parties alone but must be by order of court. . . .

Iowa R.Civ.P. 215.1.

Ray relies on two interwoven facts to support her position; defense counsel's approval of the scheduling order, setting trial eight months beyond the otherwise mandatory dismissal date under rule 215.1, and the district court's signing of the order. In advancing her argument, Ray cites the following precedent:

> We have never said that a case should be dismissed for lack of prosecution while on the active trial assignment, assigned for trial on a date certain and before the arrival of the trial date. Such a ruling would be arbitrary and beyond the realm of sound discretion.

*Kutrules v. Suchomel*, 258 Iowa 1206, 1213, 141 N.W.2d 593, 598 (1966).[1] She interprets that to mean that with an assigned trial date, the case was no longer subject to rule 215.1. This interpretation, however, is too narrow. Earlier in the opinion, *Kutrules* specifically states, "[t]o avoid a mandatory dismissal under the rule there *must be an application* setting forth the reasons, notice, hearing, finding, *and order for continuance before the entry of the dismissal.*" *Id.* at 1212, 141 N.W.2d at 597 (emphasis added); *see also* Iowa R.Civ.P. 215.1.

Merle Hay asserts that despite its agreement to the trial date being set beyond the rule 215.1 deadline, it expressed to Ray its intention to defend dismissal under the rule. The rule itself specifically states "[n]o continuance under this rule shall be by stipulation of parties alone . . ." Iowa R.Civ.P. 215.1. We observe the court has previously stated, "[w]e do not endorse litigation by ambush." *Gold Crown Properties, Inc. v. Iowa Dist. Ct.*, 375 N.W.2d 692, 698 (Iowa 1985). While both Gold Crown Properties, Inc. and Ray share the common fact of having adverse counsel enter a pretrial stipulation, counsel for Merle Hay merely stipulated to the setting of a trial date without agreeing to a rule 215.1 continuance. *Id.* Gold Crown Properties, Inc. and opposing counsel stipulated to a continuance, which was subsequently granted by the trial court. *Id.* The distinction is apparent. A request for a trial date, without further comment, can be granted as a ministerial function of the court. In contrast, a request for a continuance under rule 215.1, requires a party to set forth reasons why a case should be given a longer life than intended under the declared policy of the rule.

Ray failed to present her reasons to the court as to why she should be granted a continuance. The scheduling order Ray relies on did not satisfy the requirements under the rule. Other than containing the date the petition was filed, there was no indication in the scheduling order alerting the judge that the case was subject to imminent dismissal. Simply agreeing on a trial date without including "grounds for continuance" circumvents the requirements under rule 215.1. Ray had the burden of keeping her case alive and avoiding an automatic dismissal under rule 215.1. *See Greif v. K–Mart Corp.*, 404 N.W.2d 151, 154 (Iowa 1987). Accordingly, the stipulation as to a trial date does not save her case from automatic dismissal under

---

1. The Supreme Court has departed from *Kutrules* on a separate issue regarding "new claims or new parties added by amendment after the original petition is filed, or for coun- terclaims, cross-petitions, or petitions of intervention . . ." *City of Muscatine v. U.S. Enviro-Con., Inc.*, 374 N.W.2d 405, 410 (Iowa 1985).

rule 215.1. *Compare Butner v. Beyer*, 593 N.W.2d 133, 135 (Iowa 1999) (holding district court was without authority to dismiss the case on rule 215.1 grounds when an application had been filed and a continuance ordered). We find, therefore, this case was correctly dismissed pursuant to rule 215.1.

█ Although Ray will undoubtedly believe this a harsh result, both the rule itself and our case law specifically require an application to the court for a continuance before a case is dismissed. Without this effort by the moving party, the court does not have the discretion to withhold the application of the rule.

> While it may at first blush seem that this is a harsh rule and that it deprives the trial court of much of its discretion in matters before it, such is really not the case. The rule does not limit or purport to limit the sound discretion of the trial court to grant continuances for just cause. It merely requires that the discretion be exercised pursuant to a timely application and that its action thereon be by enrolled order after notice to the parties.
>
> \* \* \*
>
> The rule is of uniform application throughout the state and is not harsh or unfair. It is a rule necessary to expedite the trial of cases brought to court. It is a rule of diligence and requires no more of counsel or of courts than litigants have a right to expect. It deprives neither of right or authority. For good and sufficient reason any case may still be continued when application is promptly made and the parties are advised of the request and when the court's action is by enrolled order.

*Talbot*, 255 Iowa at 340–41, 122 N.W.2d at 458–59.

In reviewing the record before us, we find the trial court correctly applied the rule for dismissal for want of prosecution and overruled Ray's motion. Accordingly, we find the case was properly dismissed pursuant to Iowa Rule of Civil Procedure 215.1.

█ *Reinstatement of case.* Ray next argues that if her case was properly dismissed, such a finding requires reinstatement because the dismissal was the result of "oversight, mistake or other reasonable cause," and the trial court erred in failing to order mandatory reinstatement. *See* Iowa R.Civ.P. 215.1. We review a denial of mandatory reinstatement for errors at law. The trial court's findings of fact are binding on appeal if supported by substantial evidence. *Rath v. Sholty*, 199 N.W.2d 333, 336 (Iowa 1972). Iowa Rule of Civil Procedure 215.1 states:

> The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed....

█ Ray argues her assumption that the case would not be dismissed because of the stipulated scheduling order mandates reinstatement. "[I]t is beyond power of trial court to withhold reinstatement when the required showing has been made." *Rath*, 199 N.W.2d at 336. However, even mandatory reinstatement requires proof of reasonable diligence in preparing and pursuing the case for trial. *O'Brien v. Mullapudi*, 405 N.W.2d 815, 816–17 (Iowa 1987). "The recurring theme in our mandatory reinstatement decisions is that a plaintiff's case should be reinstated if there is a showing by the movant that the attorney had been diligently pursuing the case and preparing it for trial but simply overlooked the rule 215.1 deadline.... In effect, plaintiff must show he would have been entitled to a continuance, if one had timely been requested, in order to prevail on his motion to reinstate a case dismissed under rule 215.1." *Id.* at 818–19. After filing the lawsuit on November 4, 1996, Ray took minimal action in this case until seeking the uniform scheduling order in December 1998. The trial court found:

> The record is void of any showing of diligence by plaintiff to get the case

ready for trial. There is no showing of any formal discovery. Defense counsel has the 1994 treatment records but no other information concerning plaintiff's alleged damages. Even though the answer alerted plaintiff that Merle Hall Mall, Inc. was not the legal owner of the real estate known as "Merle Hay Mall" there was no discovery or formal action by plaintiff to determine if the proper party was named. All of the contacts to resolve the case have been initiated by defense counsel who has repeatedly, but unsuccessfully solicited information in an attempt to determine if a settlement of the case was possible. To reinstate the case some four and one-half years after the incident would result in prejudice to defendants.

Ray failed to demonstrate reasonable diligence in preparing and pursuing the case for trial within the allotted time. Accordingly, we find the trial court did not err in failing to reinstate this case. We affirm.

**AFFIRMED.**

All judges concur except SACKETT, C.J., who concurs in part and dissents in part.

SACKETT, Chief Judge (concurring in part and dissenting in part).

I concur in part and dissent in part.

I agree with the majority that the case was dismissed under 215.1 on January 2, 1999.

Because I believe that the district court considered improper factors in addressing the plaintiff's motion for reinstatement of the case I would reverse and remand to the district court to reconsider the motion applying proper factors.

Rule 215.1 enumerates two bases on which the court can reinstate a case dismissed under that rule. *O'Brien v. Mullapudi*, 405 N.W.2d 815, 815 (Iowa 1992). The first is a mandatory reinstatement determination, which we review at law. *Id.* at 817. The second is a discretionary

reinstatement, which we review for an abuse of discretion. *See id.*

In December of 1998 the parties agreed to a uniform scheduling order and the setting of the trial date for August 9, 1999. Plaintiff on January 6, 1999, notified defendant of the expert witnesses she intended to call. This shows me that the failure to reinstate was an oversight or a mistake which can support a mandatory reinstatement. However, a plaintiff seeking a mandatory reinstatement, in addition to showing an oversight or mistake, must prove no less than reasonable diligence or, put another, way a plaintiff must show he or she would have been entitled to a continuance if one had been timely requested. *See O'Brien* at 819.

In denying the application for reinstatement and in finding "the record was void of any showing of diligence by plaintiff to get the case ready for trial" the district court considered that "there was no discovery or formal action by plaintiff to determine if the proper party was named. All of the contacts to resolve the case have been initiated by defense counsel who has repeatedly, but unsuccessfully, solicited information in an attempt to determine if a settlement of the case was possible."

I believe it was not proper for the district court to consider plaintiff's failure to use formal discovery procedure and plaintiff's failure to respond to defendant's settlement requests in finding plaintiff was not ready for trial.

Neither plaintiff nor defendant made any formal discovery requests. There is no rule that requires a plaintiff to conduct formal discovery. In the perfect world a plaintiff would have so adequately investigated her case before filing that she would know all she needed to know to go to trial without further discovery. Consequently I do not believe a failure to conduct formal discovery is or should be considered in determining whether a plaintiff has used due diligence in preparing a case for trial. Nor do I believe that the unanswered settlement requests of defendant's attorney

should be considered. The requests were made in conversation and by letter. No formal discovery procedures were utilized by defendant in making the request. This is not a case where plaintiff failed to comply with defendant's formal discovery requests. While a cooperative exchange of information is certainly favored, plaintiff was not required to make the materials available until a formal discovery request was made.

The majority, while inferring plaintiff has no duty to conduct formal discovery, has affirmed the district court's consideration of this fact in making its ruling. With this I cannot agree. Additionally, I disagree that Ray has failed to demonstrate any indicia of readiness. Ray has a trial date and has advised defendant of her experts. Defendant has made no formal request for anything more. There is substantial evidence to support a finding of readiness. Consequently, I would remand to the district court to reconsider the request using proper factors and excluding from its consideration the failure to make formal discovery and the failure to respond to defendant's informal request for settlement.