ELECTRONICALLY FILED    OCT 11, 2017    CLERK OF SUPREME COURT

**IN THE COURT OF APPEALS OF IOWA**

No. 16-1938
Filed October 11, 2017

**FRANCISCO VILLA MAGANA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

The applicant appeals the denial of his motion to reinstate his application for postconviction relief.  **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Francisco Villa Magana appeals the denial of his motion to reinstate his application for postconviction relief (PCR).

Villa Magana originally filed his application for PCR in October 2012, and trial was set for August 2013. The trial was continued from August 2013 to February 2014, April 2014, July 2014, and then December 2014.

Villa Magana received his first dismissal notice, warning his case would be dismissed for want of prosecution pursuant to Iowa Rule of Civil Procedure 1.944, in July 2014. At the pre-trial conference in December 2014, Villa Magana informed the court he wanted to pursue a motion for new trial and asked the court to put his PCR action on hold. The court obliged, continuing the PCR action until December 2015.

No action was then taken in the PCR case, and a second dismissal notice was generated on July 15, 2015, advising that Villa Magana's PCR case would be dismissed on January 1, 2016, if no action was taken. The case continued to sit dormant, and on January 8, 2016, the clerk of court dismissed Villa Magana's application for PCR and sent a notice of dismissal.

Almost six months later, Villa Magana filed a motion to reinstate the PCR action. After a number of continuances filed by Villa Magana and granted by the court, the matter came on for hearing in September 2016. The court denied Villa Magana's motion for reinstatement. Villa Magana appealed.

"Decisions to allow or deny reinstatement under a timely application under [Iowa Rule of Civil Procedure 1.944] are discretionary." *Greene v. Tri-Cty. Cmty. Sch. Dist.*, 315 N.W.2d 779, 781 (Iowa 1982). Villa Magana has the burden to

establish adequate reasons for reinstating the action. *See Sanchez v. Kilts*, 459 N.W.2d 646, 650 (Iowa Ct. App. 1990). Here, in reviewing the district court's decision, we have only Villa Magana's motion to reinstate and the State's resistance to consider; to the extent the district court heard evidence or received further arguments at the hearing, it appears the hearing was unreported.[1]

"A prerequisite to either a mandatory or discretionary reinstatement 'is a showing by [the applicant] of reasonable diligence in preparing and pursuing the case for trial.'" *Id.* (citation omitted). While Villa Magana maintains the dismissal was a "result of oversight"—as provided for in the rule for reinstatement—the record belies his assertion. *See* Iowa R. Civ. P. 1.944(6). "Ignoring notice while showing nothing more than excuse, plea, apology, or explanation is not sufficient to allow a party to escape default." *Holland Bros. Const. v. Iowa Dep't of Transp.*, 434 N.W.2d 902, 904 (Iowa 1988). In his motion to reinstate, Villa Magana's counsel states he "was on military duty at the time the case was dismissed." He does not offer an explanation for why he did not get the case continued during the six months leading up to the dismissal after the notice was sent. The attorney's statement that "the dismissal came at a time immediately prior to counsel being called to military duty" does not constitute "proof of accident or excusable neglect where there was a good faith intent to defend or continue the action." *In re Estate of Bearbower*, 376 N.W.2d 922, 924 (Iowa Ct. App. 1985). Counsel also does not explain why he waited almost the entire six months provided for by the rule before filing a motion to reinstate when,

---

[1] And Villa Magana has not provided a statement of the proceedings, pursuant to Iowa Rule of Appellate Procedure 6.806(1).

according to him, Villa Magana "believe[d]" the motion for new trial was "resolved in January or February of 2016." *See Holland Bros. Const.*, 434 N.W.2d at 904 (listing "whether plaintiff promptly applied to reinstate the case" as a factor in deciding whether to reinstate). As the district court noted, the PCR action had been continued a number of times—though not always at the request of Villa Magana—and had been pending for almost four years at the time of the hearing on the motion to reinstate. Nothing was filed in the case in between December 2014 and Villa Magana's June 2016 motion to reinstate, other than the dismissal warning and the dismissal itself. *See id.* (advising to consider "whether the plaintiff made a good faith effort to prosecute or continue the action").

Villa Magana maintains his case is like that of *Butner v. Beyer*, 593 N.W.2d 133, 135 (Iowa 1999). In *Butner*, the plaintiff filed a motion for a continuance after receiving a notice the case would be dismissed for want of prosecution, and the district court granted it. 593 N.W.2d at 133–34. A different judge later ordered the case dismissed for want of prosecution anyway. *Id.* at 134. Our supreme court reversed, finding the original granting of the plaintiff's motion to continue was controlling. *Id.* at 135–36. But here, Villa Magana never received—or even moved for—a continuance of the trial on his petition or the dismissal after receiving the July 2015 dismissal warning.[2] And the district court's December 2014 order very specifically stated, "The trial of this case is continued for purposes of Iowa Rule of Civil Procedure 1.944 to *December 31, 2015*. This case will not be subject to automatic dismissal on *January 1, 2015*." (Emphasis added).

---

[2] Counsel did move for continuance of the hearing on the motion for reinstatement.

Here, the reinstatement of Villa Magana's case was not mandatory. *See* Iowa R. Civ. P. 1.944(6) (stating the "trial court . . . shall upon a showing that such a dismissal was the result of oversight, mistake, or other reasonable cause, reinstate the action"). And we cannot say the district court abused its discretion when it denied Villa Magana's motion to reinstate. *See id.* We affirm the denial of Villa Magana's motion to reinstate his PCR action.[3]

**AFFIRMED.**

---

[3] In his reply brief, Villa Magana "requests" we "consider the issue of whether trial counsel was ineffective as contemplated in *Lado* [*v. State*, 804 N.W.2d 248, 254 (Iowa 2011)], requiring reversal of the dismissal." An issue cannot be asserted for the first time in a reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992). For that reason, we have not considered the claim.



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| 16-1938 | Villa Magana v. State |

Electronically signed on 2017-10-11 09:24:14